IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Mayah James, a Minor, by Callie James,** ) | | |
| **Her Mother and Next Friend,** ) | | |
| ) | | |
| **Plaintiffs,** ) | | |
| ) | | |
| vs. ) | Case No. 15-498 | |
| ) | | |
| **Carbondale Elementary School District** ) | | |
| **No. 95, Marilynn Ross, individually, and** ) | | |
| **Darryl Cox, individually, Michael Shimshak,** ) | | |
| ) | | |
| **Defendants.** ) | | |

**COMPLAINT - CIVIL ACTION**

Now Comes the Plaintiff, Mayah James, by her Mother and Next Friend, Callie James, by and through her Attorney, Darrell Dunham, alleges as follows:

**Introduction**

1. Mayah James, a minor, by her mother and next friend Callie James institutes this Civil Action for constitutional and civil rights violations under 42 U.S.C. § 1983 against Carbondale Elementary School District No. 95, and against Marilynn Ross, individually, and against Darryl Cox, individually, and against Michael Shimshak, individually .  Carbondale Elementary School District No. 95, is a public school, which receives funds from the State of Illinois, and has the power to levy taxes pursuant to Illinois law.

**Jurisdiction and Venue**

2.  The Federal District Court for the Southern District of Illinois has jurisdiction under 42 U.S.C. § 1983, and 28 U.S.C. §§ 1343(3) and 1343(4) among other statutes.

**Facts of the Case**

2.  Plaintiff Mayah James, a minor,  is a resident of Jackson County, Carbondale, Illinois,

and at all relevant times was a student at the Carbondale Elementary School District, No. 95.

3. Plaintiff, Callie James, is the Mother of Mayah James, and brings this suit on behalf of Mayah James as her next friend.

4. Defendant Carbondale Elementary School District, No. 95 ("District 95") holds itself out to be a public school, which receives funds from the State of Illinois, and has the authority to levy a tax pursuant to Illinois law. District 95's main business address is 925 S. Giant City Road, Carbondale, Illinois.

5. Defendant, Marilynn Ross, is being sued individually and in her official capacity as Principal of District 95's Middle School, which is located at 925 S. Giant City Road, Carbondale, Illinois. At all relevant times, Marilynn Ross was employed by District 95 as the Middle School's Principal.

6. Defendant, Darryl Cox, is being sued individually and in his official capacity as an Assistant Principal of District 95's Middle School, which is located at 925 S. Giant City Road, Carbondale, Illinois. At all relevant times, Darryl Cox was employed by District 95 as the Middle School's Assistant Principal.

7. Defendant, Michael Shimshak, is being sued individually and in his official capacity as an Superintendent of Schools for District 95. At all relevant times, Michael Shimshak was employed by District 95 as the Middle School's Assistant Principal.

8. On April 25, 2013, Mayah James was an eighth grade student at District 95's Middle School.

9. On April 25, 2013, Mayah James was removed from one of her classes, along with other students, and was made to stand in one of the Middle School's hallways. At said time and date, Mayah James was verbally accosted by Defendant Ross, wherein she was accused of

engaging in behavior, to wit, mob action, which said alleged mob action, in Ross's opinion, warranted her suspension from the privilege of attending school.

10. Shortly thereafter, Mayah James was taken to Defendant Ross's office, wherein Cox and Ross further accused Mayah James of behavior warranting her suspension from school.

11. At the end of said meeting Mayah James, along with other students, was informed that she was suspended from school for 3 (three) days and that a further sanction of was levied wherein Mayah James was informed that she would not be permitted to attend the Eighth Grade class's end of the year activity.

12. At no point in time, from the beginning of Defendant Ross's accusations until the time Defendant Ross announced that Mayah James was suspended from school, did either Cox or Ross permit Mayah James to speak, depriving Mayah James of the opportunity to respond to the charges and further depriving her of the opportunity to explain to either of them her side of the story.

13. At all times during Cox's and Ross's confrontation with Mayah James, Cox and Ross assumed the role of prosecutor wherein they displayed no interest in conducting an objective investigation.

14. As a result of the actions of Cox and Ross, Mayah James was expelled from school for a period of 3 (three) days and she was not permitted to participate in the Eighth Grade class's end of school activity.

15. Subsequent to the actions of Cox and Ross alleged above, Callie James made a telephone call to the Defendant Michael Shimshak and complained about the unfairness of her daughter's suspension and urged him to reverse the decision of Cox and Ross, but Shimshak refused to intervene and correct the illegal actions of Cos and Ross.

16. Defendants, District 95, Cox and Ross, at all times relevant herein acted under color of State law, in that, among other things, Mayah James was required under Illinois truancy laws to attend the District 95 Middle School, and while acting under color of law the Defendants threaten to subject Mayah James, Plaintiff herein, to the deprivation of rights and privileges secured her by the United States Constitution.

17. The disciplinary procedure conducted by District 95 on April 25, 2013, failed to provide even minimal due process to Mayah James inasmuch as she was deprived of her right to speak and to have the decision of whether her actions were subject to sanction made by an objective, neutral person.

18. That the procedures outlined in the above paragraphs regarding the manner in which the decision to expel Mayah James was conducted violate minimal due process safeguards.

## SUBSTANTIVE ALLEGATIONS

19. Defendants denied due process by implementing and applying policies and procedures which deprived Mayah James of the right to a fair hearing by an impartial and unbiased tribunal.

20. The actions of Cox and Ross were either deliberate and willful or in callous indifference to Mayah James's right to due process in that Cox and Ross both knew or were indifferent to Mayah James's right to a fair hearing because their actions were in contravention of controlling precedent.

21. By failing to intervene and require that Mayah James receive a hearing that comported with due process, Shimshak's actions were either deliberate and willful or in callous indifference to Mayah James's right to due process in that Shimshak either knew or was

indifferent to Mayah James's right to a fair hearing because his actions were in contravention of controlling precedent.

22. Because the actions of Cox, Ross, and Shimshak in suspending Mayah James and prohibiting her from attending the year-end Eighth Grade class activity without complying with due process, Cox, Ross, and James, are not entitled to any claim for immunity and should be subject to liability in their individual capacities.

WHEREFORE Plaintiff, Mayah James, by her Mother and Next Friend, Callie James, prays for entry of Judgment against Defendant, Carbondale Elementary School District 95, Marilynn Ross, Darryl Cox, and Michael Shimshak, jointly and severally, as follows:

A) For Compensatory Damages to be determined by this Court but in any event in excess of $15,000.00;

B) For punitive damages to be determined by the jury;

C) For entry of an order directing District 95 to remove any reference to the suspension from the Plaintiff's student record;

D) For reasonable attorney fees as permitted by statute;

E) For costs of suit;

F) For such other relief as this Court deems to be reasonable and just.

Plaintiff demands a jury 12.

Dated: May 4, 2015

ss// Darrell Dunham
Darrell Dunham
Attorney for Plaintiffs
308 West Walnut Street
Carbondale, IL 62901
618-549-9800
Fax: 618-549-9805
darrell.dunham@gmail.com

Case 3:15-cv-00498-MJR-PMF Document 1 Filed 05/04/15 Page 6 of 6 Page ID #6