IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| M.J., a minor, by CALLIE JAMES, her Mother and Next Friend, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 15-cv-0498-MJR-PMF |
| CARBONDALE ELEMENTARY SCHOOL DISTRICT NO. 95, MARILYNN ROSS, and DARYL COX, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

M.J., a minor, was suspended from the Carbondale Elementary School District No. 95's middle school on April 25, 2013.  The principal of the school, Marilynn Ross, and the assistant principal, Daryl Cox, spoke with M.J. on the day of the suspension and ultimately decided to suspend her for three days for engaging in what the complaint calls "mob action"—what action that was the complaint doesn't say.  M.J. maintains that the conversation on April 25, 2013 was anything but a two-way dialogue, as she was not allowed to speak, to respond to the charges, or to present her side of the story.  On May 4, 2015, M.J. sued Ross, Cox, the superintendent of District 95, and District 95 in federal court pursuant to 42 U.S.C. § 1983, claiming that all involved failed to provide her with adequate due process in connection with her suspension and her access to an after school activity that occurred during the suspension.  M.J. amended her complaint on June 6, 2015 to take the superintendent out of the case, and the remaining defendants

1

then moved to dismiss the case or, alternatively, for summary judgment. Defendants'
motion to dismiss or for summary judgment is now before the Court for review.

Defendants' motion is phrased in the alternative, so the Court will take up the
motion to dismiss aspect of it first. A motion to dismiss tests the legal sufficiency of a
pleading and its claims—a complaint's factual sufficiency, aside from the question of
whether it contains enough facts at all, is to be tested later, usually by a motion for
summary judgment and sometimes by a full-blown trial. *Szabo v. Bridgeport Mach.,
Inc.*, 249 F.3d 672, 675-76 (7th Cir. 2001). It is for that reason that the Court must accept
all of the facts alleged in a plaintiff's complaint as true and draw all reasonable
inferences from those facts in the plaintiff's favor. *Healy v. Metro. Pier & Exposition
Auth.*, 804 F.3d 836, 838 (7th Cir. 2015). A claim survives a motion to dismiss if there
are enough facts pled to put the defendant on notice and if those facts, accepted as true,
state a viable legal claim. *Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014).

M.J. seems to assert two separate due process claims in her complaint: one for
suspending her from school without process, and one for barring her from an end of
year event without process. The parties agree on the law for the first claim:  for a
suspension of ten days or less, the student must be given oral or written notice of the
charges against her, an explanation of the basis for the accusations against her, and a
chance to present her side of the story, typically before she is removed from school.
*E.g., Goss v. Lopez*, 419 U.S. 565, 581-82 (1975); *Smith v. Town of Eaton, Ind.*, 910 F.2d
1469, 1472 (7th Cir. 1990); *Lamb v. Panhandle Cmty. Unit Sch. Dist. No. 2*, 826 F.2d 526,
528 (7th Cir. 1987). The school district says that M.J. was given ample opportunity to

present her side of the story prior to the suspension and has presented an affidavit to that effect, and M.J. has responded by pointing to the allegations in her complaint and affidavits submitted with her response, which both claim that she was given no opportunity to speak up before she was suspended.  The factual allegations in M.J.'s complaint control for purposes of a motion to dismiss, and those allegations put forth a viable suspension claim.  The district's motion to dismiss that claim must be denied.

The school district's second argument, that the complaint puts forth no viable due process claim linked to the year-end eighth grade event, fares better than its first. The essential ingredient to a due process claim is a protected liberty interest—without that liberty interest, there is no process due.  ***O'Gorman v. City of Chicago*, 777 F.3d 885, 891 (7th Cir. 2015).**  Protected liberty interests may arise from two sources:  a grant in the due process clause of the Fourteenth Amendment itself or an explicit grant of a property interest through state law.  ***Hannemann v. Southern Door Co. Sch. Dist.*, 673 F.3d 746, 752 (7th Cir. 2012).**  The due process clause provides no property interest in extracurricular school events, ***Poling v. Murphy*, 872 F.2d 757, 764 (6th Cir. 1989)**, so M.J.'s only haven is state law.  M.J. hasn't cited any state law in response to the school's motion to dismiss, and Illinois courts regard access to extracurriculars as a privilege and not a right, meaning that no property interest exists.  ***See Piekosz-Murphy v. Bd. of Educ. of Cmty. High Sch. Dist. No. 230*, 858 F. Supp. 2d 952, 958-59 (N.D. Ill. 2012) (citing Illinois law and collecting cases); *see also Jordan v. O'Fallon Twp. High Sch. Dist. No. 203 Bd. of Educ.*, 706 N.E.2d 137, 140 (Ill. App. Ct. 1999); *Clements v. Bd. of Educ. of Decatur Pub. Sch. Dist. No. 61*, 478 N.E.2d 1209, 1210 (Ill. App. Ct. 1985).**  To

3

the extent M.J. attempts to bring a due process deprivation claim linked to her eighth grade end of school activity, that claim must be dismissed with prejudice.

The school district and its officials also move, in the alternative, for summary judgment on M.J.'s suspension claim.  That motion is premature.  Summary judgment can only be granted when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  ***Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014)**.  When a party moves to dismiss and attaches affidavits to the motion in such a way as to convert it into a motion for summary judgment under Federal Rule of Civil Procedure 12(d), it is within the Court's discretion to handle the motion as a straightforward effort to dismiss or to consider the materials and rule on the motion as one for summary judgment.  ***E.g.*, *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998); *Browning v. Flexsteel Indus., Inc.*, 959 F. Supp. 2d 1134, 1143 (N.D. Ind. 2013)**.  At the time of Defendants' motion, the parties had not finished any discovery and M.J. wanted to conduct depositions to flesh out the factual record.  With such little information in the record, the Court cannot say that there is no genuine issue of material fact concerning the suspension claim, so the motion for summary judgment must be denied without prejudice.  The school district is free to move again for summary judgment once discovery on the suspension issue is finished.

To sum up, Defendants' motion to dismiss or, alternatively, motion for summary judgment (Doc. 17) is **GRANTED IN PART** and **DENIED IN PART**.  The district's motion to dismiss the due process claim linked to M.J.'s after school event is **GRANTED**, and that claim is **DISMISSED with prejudice**.  The district's motion to

4

dismiss the due process claim linked to M.J.'s suspension and its motion for summary judgment on that same claim are both **DENIED**; the district can renew a motion for summary judgment after fact discovery on the suspension point has concluded.

**IT IS SO ORDERED.**

**DATED:  January 7, 2016**

/s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**

5